IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRISTOPHER LITTLE and GAIL LITTLE, § § § | |
| Plaintiffs, § | |
| v. § | CIVIL ACTION NO. H-10-0939 |
| § | |
| ALLSTATE TEXAS LLOYD'S and § JOSHUA TAYLOR, § § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

This is a suit to recover insurance proceeds and damages under the Texas Insurance Code, § § 541.060 and 541.061. The defendant, Joshua Taylor, timely removed and filed a verified plea in abatement. (Docket Entry No. 7). Taylor argues that the plaintiffs violated the Texas Insurance Code requirement that a plaintiff seeking damages under the statute must give the defendant prior written notice of the complaint and the amount of damages sought, including fees, "not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154. Taylor asked this court to abate the suit until the 61st day after the Littles provided the statutory written notice of their claims under the statute.

The plaintiffs responded by arguing that although they did file suit on January 21, 2010, and did not send the notice letter until May 3, 2010, their letter satisfied the notice requirement. (Docket Entry No. 8). Alternatively, they argue that the abatement period provided for in the Texas Insurance Code has lapsed. *(Id.)*. Neither argument is persuasive.

**1.   The Applicable Legal Standard**

Section 541.154(a) of the Texas Insurance Code states that [a] person seeking damages in

an action against another person under this chapter must provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154(a). The notice must advise the other person of "the specific complaint" and the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." TEX. INS. CODE § 541.154(b). There is an exception to this requirement if "giving notice is impracticable because the action: (1) must be filed to prevent the statute of limitations from expiring..." TEX. INS. CODE § 541.154(c)(1). Finally, § 541.155 provides that a person who does not receive presuit notice may file a plea in abatement. "The court shall abate the action if, after a hearing, the court finds that the person is entitled to an abatement because the claimant did not provide the notice as required by Section 541.154." TEX. INS. CODE § 541.155(a), (b).

The purpose of the 60-day notice requirement under the Texas Insurance Code is to "discourage litigation and encourage settlements of consumer complaints." *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992) (quoting *John Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 242 (Tex. 1985)).[1] The notice requirement is intended to give a defendant insurer a right and opportunity to make a settlement offer. TEX. INS. CODE § 541.156; *see also In Re Behr*, 2006 Tex. App. LEXIS 1588 at *7 (Tex. App. San Antonio Mar. 1 2006) (holding that without presuit notice, a defendant "is denied his right to limit his damage exposure through an offer of settlement as contemplated by sections 541.156-.159 of the Insurance Code"). If a plaintiff fails to comply with the notice

---

[1] Both the Texas Insurance Code and the Deceptive Trade Practices Act (DTPA) require a plaintiff to give 60 days' notice to a defendant before filing suit. The purpose of the requirement is the same under both statutes, "to encourage settlement and avoidance of litigation." *Cleo Bustamante Enters., Inc. v. Lumbermens Mut. Cas. Co.*, 2005 WL 1586994 (W.D. Tex.) (citing *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992)). Cases involving the DTPA notice provision are instructive on whether the requirements of the Texas Insurance Code notice provision have been met.

requirement, "abatement of the action for the statutory notice period is more consistent with the purpose of notice than dismissal." *Id*. The Supreme Court of Texas has held that "if a plaintiff files an action for damages . . . without first giving the required notice, and a defendant timely requests an abatement, the trial court must abate the proceedings for 60 days." *Id*.

The statutory written notice must advise the other party in reasonable detail of "the specific complaint" and "the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." TEX. INS. CODE § 541.154(b)(1), (2); *see Richardson v. Foster & Sear, LLP*, 257 S.W.3d 782 (Tex. App.—Fort Worth 2008, no pet. h.) (finding that a six-page letter from the plaintiff stating the causes of action, specific factual allegations, and specific damages satisfied the presuit notice requirement).

**2.     Analysis**

The notice letter does not satisfy the notice requirement of Section 541.154(a) of the Texas Insurance Code. It was filed after the lawsuit. The Texas Insurance Code specifically states that written notice must be given to a defendant "not later than the 61st day *before* the date the action is filed." TEX. INS. CODE § 541.154(a) (emphasis added). The demand letter could not serve as the written notice required under § 541.154(a). The demand letter was not only too late to satisfy the notice requirement of the Texas Insurance Code, its content was insufficient to trigger the 60-day abatement period. Sections 541.154(b)(1) and (b)(2) of the Texas Insurance Code require a party to provide basic information to the defendant in the written notice: the "specific complaint" and the amount of actual damages and expenses sought. TEX. INS. CODE § 541.154(b)(1), (b)(2). Texas courts interpreting the statute have held that notice letters containing specific factual allegations supporting the causes of action, or at least enough information to imply those facts, satisfy the notice

requirement. *See Richardson v. Foster & Sear LLP*, 257 S.W.3d 782; *Williams v. Hills Fitness Center, Inc.*, 705 S.W.2d 189 (Tex. App.—Texarkana 1985, writ ref'd n.r.e.) (holding that the plaintiff's four- paragraph notice letter satisfied the notice requirement of the DTPA, even though the allegations were general and the court had to imply the specific facts supporting the cause of action).

The notice letter contains no factual information about the cause of action. (Docket Entry No. 1, Ex. G). The letter is very general. The letter did not identify the facts or provide any basis for the court to imply the facts. The letter was not sufficient notice under Section 541.154(b) of the Texas Insurance Code and did not trigger the 60- day abatement period.

### 3.     Conclusion

The plea in abatement is granted. This case is stayed until 60 days after the plaintiffs provide Taylor with proper written notice under the Texas Insurance Code.

SIGNED on June 29, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge